**UNITED STATES of America**

v.

**John M. POINDEXTER.**

**Crim. No. 88–0080–01 (HHG).**

United States District Court,
District of Columbia.

Feb. 22, 1990.

---

174

Lawrence E. Walsh, Independent Counsel, Dan K. Webb, Louise R. Radin, Associate Counsel, Christian (Chris) J. Mixter, Howard M. Pearl, Office of the Independent Counsel, Washington, D.C., for prosecution.

Richard W. Beckler, Joseph T. Small, Jr., Stephen M. McNabb, Frederick Robinson and Michael G. McGovern, Fulbright & Jaworski, Washington, D.C., for defendant John M. Poindexter.

Theodore B. Olson, John A. Mintz, Michael B. Rappaport and Julia A. Dahlberg, Gibson, Dunn & Crutcher, Washington, D.C., for former President Ronald W. Reagan.

David Anderson, James S. Reynolds, Thomas Millet and Douglas Letter, U.S. Dept. of Justice, Washington, D.C., for the U.S. and the Archivist of the U.S.

Timothy B. Dyk and Patrick J. Carome, Wilmer, Cutler & Pickering, Washington, D.C., for applicants.

## MEMORANDUM AND ORDER

HAROLD H. GREENE, District Judge.

Defendant has petitioned for leave to serve subpoenas duces tecum on four congressional committees and five United States Senators. The government has filed a response indicating that it objects to only a few paragraphs in the proposed subpoenas. Since the Court considers that the government's objections are well taken, it quashes the paragraphs in question, but authorizes service of the remainder of the subpoenas, subject to any claims of privilege by Congress or by the individual Senators.[1]

### Discussion

On November 15, 1989, defendant petitioned for leave to serve subpoenas duces tecum ad testificandum on four congressional committees, sixty-five Senators and Congressmen, the White House, and the National Security Agency. On December 6, 1989, the Court denied the petition, without prejudice to the resubmission of more reasonable subpoenas.[2]

On January 16, 1990, defendant filed a renewed petition for a smaller number of narrower subpoenas, accompanied by a detailed explanation of his basis of need for each subpoena. The renewed petition seeks leave to serve subpoenas on four congressional committees[3] and five Senators.[4] The Court will address each subpoena in turn.

The subpoena to the Senate Select Committee on Intelligence requests information on (1) documents relating to two briefings involving defendant and members and staff

1. The government also reserves the right to object to admission of the subpoenaed documents at trial.

2. The Court concluded that these subpoenas failed to comply with the requirements of *United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). First, defendant had already obtained many of the documents he was seeking. Second, many of the subpoenas to individual legislators were apparently based on nothing more than that they had at one time or other met with Oliver North. Third, some of the documents sought had been the subject of previous discovery requests that had been denied by this Court as well as by Judge Gesell in the *North* case. The petition did not address the issues that caused the denials.

3. The committees are the Senate Select Committee on Intelligence, the House Permanent Select Committee on Intelligence, the House Foreign Affairs Committee, and the House Armed Services Committee.

4. Senators Robert C. Byrd, Robert J. Dole, Richard G. Lugar, Ted Stevens, and Strom Thurmond.

of the committee, one of which is referred to in the indictment;[5] and (2) documents relating to a November 20, 1986 review by two committee staff members of top secret intelligence concerning Iran.[6] The government raises no objection to the issuance of the subpoena.

Defendant further seeks leave to issue subpoenas to the House Permanent Select Committee on Intelligence, the House Foreign Affairs Committee, and the House Armed Services Committee. The government takes issue with only one aspect of these subpoenas: certain items in the subpoenas request documents previously requested and possibly produced in the *North* case.[7] Defendant observes that his subpoenas are narrower than those issued in *North*, and that they direct the committees' attention to very specific information. He maintains that he is entitled to inquire whether this specific information exists and, if so, whether it has been produced in response to subpoenas in *North*.

The argument lacks merit. Defendant implicitly acknowledges that the information he seeks is part of a larger category of documents that were subpoenaed in *North*.[8] He is unable to assert that the documents were not previously produced; rather he demands that the Congress inform him whether they have been. Defendant, in short, makes no attempt to inform the Court why he cannot determine for himself whether these documents have already been produced. His failure to do so is particularly troubling because his first proposed set of subpoenas to the Congress

also sought information similar to that produced in *North*, and the Court at that time directed him to eliminate this flaw before renewing his petition.[9] Defendant obviously has not done so. For these reasons, and because the defendant has not met his burden of showing that the subpoenas comply with Rule 17(c), Fed.R.Crim.P., the Court will quash all portions of the subpoena that duplicate subpoenas issued in *North*.

Finally, defendant petitions for leave of the Court to serve subpoenas on Senators Byrd, Dole, Lugar, Stevens, and Thurmond regarding meetings on November 12 and 14, 1986 at which defendant and the Senators were present.[10] The government does not object to these subpoenas, subject to its right to object at trial to the admission of the documents.

### Conclusion

Since the government has raised no objection, the Court authorizes issuance of the subpoenas, except to the extent that they duplicate subpoenas served and responded to in *North*, and subject to any future claims of privilege on behalf of the Senate, the House of Representatives, or the individual Senators.

Accordingly, it is this 22nd day of February, 1990

ORDERED that paragraph 2 of the subpoena to the Senate Select Committee on Intelligence, paragraphs 2 and 3(a) of the subpoena to the House Permanent Select Committee on Intelligence, and paragraph

---

5. The briefings occurred on November 14 and 21, 1986, but only the November 21 meeting is mentioned in the indictment. *See* Counts One, Three, and Five.

6. Defendant has withdrawn paragraph 2 of the subpoena to the committee which sought three memoranda generated by SSCI staff in September 1985.

7. The government asserts that paragraph 1 of North's subpoena to the Permanent Select Committee on Intelligence encompasses the documents sought in paragraphs 2 and 3(a) of Poindexter's subpoena to the same committee; that paragraph 1 of North's second subpoena to the House Foreign Affairs Committee encompasses the documents sought in paragraph 2 of Poin-

dexter's subpoena to that committee; and that paragraph 1 of North's subpoena to the House Armed Services Committee encompasses the documents sought in paragraph 2 of Poindexter's subpoena to that committee.

8. As the Court discussed in its December 6, 1989 order, the documents produced in response to subpoenas in *North* were subsequently made available to Poindexter.

9. Order of December 6, 1989 at 2.

10. Senators Dole and Byrd were apparently present at the November 12, 1986 meeting, while Senators Byrd, Lugar, Stevens and Thurmond are said to have been present at the November 14, 1986 meeting.

2 of the subpoenas to the House Foreign Affairs Committee and to the House Armed Services Committee, be and they are hereby quashed; and it is further

ORDERED that the petition is granted as to the remainder of the subpoenas, and defendant may serve upon the Senate Select Committee on Intelligence, the House Foreign Affairs Committee, the House Armed Service Committee, and Senator Robert C. Byrd, Robert J. Dole, Richard G. Lugar, Ted Stevens, and Strom Thurmond the subpoenas duces tecum submitted to the Court, except as described above. The return date for those subpoenas is March 8, 1990, and any motions to quash shall be filed by that date.